UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Case No.:    3:13-cr-067-J-34MCR

FREDRICK M. HOLLIMAN, JR.,

    Defendant.
_____/

## ORDER

This case is before the Court on Defendant Fredrick Holliman's pro se "Ex Parte Application for the Appointment of Counsel" and "Emergency Motion to Vacate a Void Term of Supervised Release and Sentence" under Rule 35(a), Federal Rules of Criminal Procedure (Doc. 67, "Rule 35 Motion"), as well as the Federal Public Defender's "Motion to Withdraw as Counsel, Motion for the Court to Construe Mr. Holliman's Pro Se Filing as a Motion Under 28 U.S.C. § 2255 and Motion for Appointment of Conflict-Free Counsel" (Doc. 83, "Motion to Reconstrue"). The United States has responded. (Doc. 82, Response). On November 28, 2016, this Court found Holliman to be in violation of the terms of his previously imposed supervised release and sentenced him to a term of imprisonment of six months. (Doc. 66, Judgment of Second Revocation). While serving that term of imprisonment, Holliman filed the instant Rule 35 Motion, in which he contends that the previously imposed term of supervised release was illegal. As such, he contends that his November 28, 2016 six-month term of imprisonment is also illegal.[1] For the

---

[1] According to the Federal Bureau of Prisons website, Holliman was released from prison on April 14, 2017.

1

reasons set forth below, the motions are due to be denied. The Court lacks jurisdiction to grant relief under Rule 35(a); any challenge to the previous term of supervised release under 28 U.S.C. § 2255 would be untimely; and any error in setting the previous term of supervised release was harmless.

**I.  Background**

In 2006, Holliman was sentenced to 40 months' imprisonment, followed by a 36-month term of supervised release, for making and possessing counterfeit securities, in violation of 18 U.S.C. § 513(a). (Doc. 46). Holliman completed his term of imprisonment, and on March 27, 2013, began serving his first term of supervised release. (Doc. 3).

On November 25, 2013, the Court revoked the first term of supervised release after finding that Holliman had violated his conditions of release. (See Doc. 27, Minute Entry; Doc. 28, Judgment of First Revocation). Based on the violation, the Court sentenced Holliman to three months' imprisonment, followed by a second 36-month term of supervised release. Judgment of First Revocation at 2-3. The Court entered the judgment of revocation on the same day. Holliman neither appealed that judgment nor did he move to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Holliman completed the three-month prison sentence for the first violation, and on April 5, 2014, began serving the second 36-month term of supervised release. (Doc. 32; Doc. 46 at 1). In February 2016, 22 months into serving the second term of supervised release, the Probation Office petitioned the Court for a warrant to arrest Holliman on new violations. On November 28, 2016, the Court held a final revocation hearing on the new violations, at which Holliman admitted to one of the charges. (Doc. 66, Judgment of Second Revocation). The Court revoked Holliman's second term of supervised release,

2

sentenced him to a term of six months' imprisonment, and declined to impose an additional term of supervised release. Id.

On December 1, 2016, Holliman filed the instant Rule 35 Motion, in which he argues that the second 36-month term of supervised release was illegal and, by extension, so is his most recent six-month prison sentence for violating the conditions of his second supervised release. Holliman argues that, under 18 U.S.C. § 3583(h), the second term of supervised release should have been no more than 33 months. Rule 35 Motion at 3-4. Further, he asserts that the Court has authority to vacate his latest sentence under Federal Rule of Criminal Procedure 35, which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Notably, the sentence that Holliman actually challenges in the Rule 35 Motion, and the sentence that Holliman asks the Court to vacate for "clear error," is the second 36-month term of supervised release, which was imposed on November 25, 2013. See Rule 35 Motion at 3 ("I assert that the new term of supervised release imposed by this court is illegal because it exceeded the statutory maximum under 18 U.S.C. Section 3583(h) and, thus, constitutes plain error."); id. at 4 ("Because this court could not, in my humble opinion, order me to serve 36 additional months on supervised release that sentence is void and/or illegal and therefore constitutes plain error on account that it exceeds the statutory maximum.").

Holliman is right that the second term of supervised release should not have been more than 33 months. Title 18 U.S.C. § 3583(h) provides that when a court revokes a defendant's supervised release and sentences him to a term of imprisonment, it can impose a second term of supervised release to follow the term in prison. However, the

additional term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

Here, Holliman's underlying conviction for making and possessing counterfeit securities, in violation of 18 U.S.C. § 513(a), is a "Class C" felony.[2] As a "Class C" felony, the maximum term of supervised release is 36 months. 18 U.S.C. § 3583(b)(2). When, on November 25, 2013, the Court sentenced Holliman on his first supervised release violation to three months in prison followed by a second term of supervised release, the Court should not have made the second term of supervised release any longer than 33 months (the 36 month maximum, minus the three-month prison sentence for the first violation). The issue is whether the Court can correct the November 25, 2013 36-month term of supervised release at this stage, and if so, whether it had any impact on Holliman's current six-month prison sentence. The answer to both questions is "no."

**II.  Discussion**

A district court's authority to correct a sentence is narrowly limited by statute. United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Even where a sentence is allegedly illegal, a district court lacks the "inherent power" to go outside the strictures of the federal sentencing statutes or the Federal Rules of Criminal Procedure to correct the sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir.

---

[2] A counterfeit securities violation under 18 U.S.C. § 513(a) is punishable by a maximum of ten years in prison. As such, it is considered a "Class C" felony. 18 U.S.C. § 3559(a)(3).

4

2002) (collecting cases). "Outside of Rule 35(c)[3] there exists no 'inherent authority' for a district court to modify a sentence." Id. at 1319.

Here, Holliman invokes Rule 35 of the Federal Rules of Criminal Procedure. Pursuant to Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The time limit imposed under Rule 35(a) is jurisdictional. Phillips, 597 F.3d at 1196-97 (citing Diaz-Clark, 292 F.3d at 1319). As noted earlier, it is the second 36-month term of supervised release, imposed on November 25, 2013, that Holliman argues was "clear error." The Court only had authority under Rule 35(a) to correct the second term of supervised release within 14 days of sentencing, or no later than December 9, 2013. Holliman's Rule 35(a) motion, coming as it does more than three years after the imposition of the sentence, is untimely. Because Rule 35(a)'s time limit is jurisdictional, the Court lacks authority to correct Holliman's second term of supervised release under that rule. The Rule 35(a) motion is therefore due to be denied.[4]

The Federal Public Defender recommends that the Court re-construe Holliman's Rule 35(a) Motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Motion to Reconstrue at 1. Construing the Rule 35(a) motion as one under § 2255 would be futile, however, because such a motion would also be untimely under 28 U.S.C. § 2255(f)(1). Pursuant to § 2255(f)(1), a prisoner has one year from "the date on

---

[3]  "Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note (2002).

[4]  Although Holliman filed a notice of appeal (Doc. 68) after filing the Rule 35(a) motion, the appeal has since been dismissed. See Appeal No. 16–17551, Docket Entry of Mar. 10, 2017 (11th Cir.).

which the judgment of conviction becomes final" in which to file a motion to vacate. 28 U.S.C. § 2255(f)(1). Again, Holliman's Rule 35(a) motion collaterally attacks the second 36-month term of supervised release, which the Court imposed (and entered judgment with respect to) on November 25, 2013.[5] Holliman's sentence became final 14 days later, on December 9, 2013, when time expired to file a notice of appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); see also Fed. R. App. P. 4(b)(1)(A) (2009) (defendant has 14 days from the entry of judgment to file a notice of appeal). Under § 2255(f)(1), Holliman had one year from that date, or until December 9, 2014, to move to vacate, set aside, or correct the second 36-month term of supervised release.[6] Because Holliman filed the Rule 35(a) motion on December 1, 2016, nearly three years after his conviction and sentence became final, the Rule 35 motion would be untimely if construed as a § 2255 motion.[7]

---

[5] Although the difference may be a matter of semantics, even if Holliman's Rule 35(a) motion is construed as an attack on his <u>most recent</u> six-month prison sentence, it still depends on attacking the antecedent 36-month term of supervised release. However, "[a] sentence is presumed valid until vacated under § 2255." United States v. Almand, 992 F.2d 316, 317 (11th Cir. 1993). Holliman's second 36-month term of supervised release was never vacated, so it is presumptively valid. That presumption of validity would eliminate the foundation of Holliman's argument to the extent he challenges the most recent prison sentence, since his premise is that the second 36-month term of supervised release was invalid.

[6] There is no indication that § 2255's alternative statute-of-limitations trigger dates, §§ 2255(f)(2)-(4), would apply.

[7] Even had Holliman filed a timely § 2255 motion attacking the second 36-month term of supervised release, the challenge may have been procedurally defaulted as well, because he could have challenged that aspect of his sentence on direct appeal but failed to do so. See Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (claims that were available on direct appeal but not raised are procedurally defaulted, and cannot be raised in a § 2255 motion).

Moreover, a defendant cannot challenge a revocation by belatedly attacking the legality of the underlying term of supervised release. Almand, 992 F.2d at 317-18. In Almand, the defendant argued that his revocation and prison sentence were unlawful because the district court had illegally imposed the underlying term of supervised release when he was not present. Id. at 317. The Eleventh Circuit declined to address the defendant's challenge to the underlying term of supervised release, explaining that the defendant should have challenged the underlying sentence earlier, such as through a § 2255 motion. Id. at 317-18. Because the defendant had not done so, nor had the underlying sentence been vacated, the defendant could not use the alleged illegality of the term of supervised release as a defense to the revocation. Id.

Finally, the Court's error in setting Holliman's second term of supervised release at 36 months rather than 33 months was not harmful. A court's mistake in determining the length of a defendant's term of supervised release is subject to a harmless error analysis. See United States v. Gresham, 325 F.3d 1262, 1263 (11th Cir. 2003) (concluding that a court's error in misapplying 18 U.S.C. § 3583(h) was harmless); United States v. Rausch, 638 F.3d 1296, 1302-03 (10th Cir. 2011) (district court's error in failing to subtract two years from a lifetime term of supervised release was harmless). Even if the Court had correctly set Holliman's second term of supervised release at 33 months, he still could have been arrested, charged, and sentenced to six months' imprisonment for the current violation. That is so because Holliman committed the most recent violation only 22 months into the second term of supervised release – well within the 33-month

term of supervised release that the Court lawfully could have imposed.[8] As such, the Court's mistake in setting Holliman's second term of supervised release at 36 months, rather than 33 months, does not affect the validity of his revocation and most recent six-month prison sentence.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Fredrick Holliman's pro se "Ex Parte Application for the Appointment of Counsel" and "Emergency Motion to Vacate a Void Term of Supervised Release and Sentence" (Doc. 67) are **DENIED.**

2. The Federal Public Defender's "Motion to Withdraw as Counsel, Motion for the Court to Construe Mr. Holliman's Pro Se Filing as a Motion Under 28 U.S.C. § 2255 and Motion for Appointment of Conflict-Free Counsel" (Doc. 83) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of May, 2017.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Defendant Fredrick Holliman
Counsel of record

---

[8] Moreover, Holliman's most recent six-month prison sentence, which is not followed by any additional term of supervised release, is within the two-year maximum prison sentence allowed for the revocation of supervised release where the underlying offense is a Class C felony. 18 U.S.C. § 3583(e)(3).